# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES E. HORN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17−cv−1190−NJR |
| | ) |
| CHRIS SMITH, | ) |
| BRIAN GLIDDEN, | ) |
| JOHN BALDWIN, and | ) |
| VANDALIA CORRECTIONAL CENTER | ) |
| TACTICAL TEAM, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Charles E. Horn, an inmate of the Illinois Department of Corrections currently housed in Graham Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights that allegedly occurred at the Fayette County Jail in Vandalia, Illinois. Plaintiff requests damages and injunctive relief.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## **The Complaint**

Plaintiff alleges that in September or October 2016, he was a pre-trail detainee at the Fayette County Jail, when Chris Smith, the Fayette County Sheriff, and Brian Glidden, the jail administrator, arranged with John Baldwin to have the Vandalia Correctional Center Orange Crush tactical team come to the jail and conduct strip searches of detainees. (Doc. 1, p. 6). Plaintiff was made to strip naked in front of the tactical unit, open his mouth, lift his genitals, and spread his buttocks, and then bend over and squat. *Id*. He then had to stand with his nose to the wall while strip searches were performed on other inmates. *Id*. Plaintiff was then told to put his jumpsuit back on. *Id*. He was handcuffed and marched to the jail library with nine other inmates while the tactical team conducted a shakedown of the living quarters. *Id*.

Plaintiff alleges that he was cuffed in a stress position for an hour and that the circulation in his left hand was cut off, causing permanent nerve damage in his wrist and fingers. (Doc. 1, p. 7). Plaintiff was never treated for the nerve damage. *Id*.

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 1:** Unknown Vandalia Tactical team officers used excessive force on Plaintiff in violation of the Fourteenth Amendment when they cuffed him so tightly so as to cause nerve damage during a routine cell shakedown and strip search; and
>
> **Count 2:** Smith, Glidden, Baldwin, and the Vandalia Tactical team strip searched Plaintiff in violation of the Fourteenth Amendment.

As an initial matter, Plaintiff has alleged that he was not convicted of a crime at the time of the relevant events. The Due Process clause of the Fourteenth Amendment prohibits punishment of persons who have not yet been convicted of a crime. *Bell v. Wolfish*, 441 U.S. 520, 536, n. 16 (1979); *Smith v. Dart*, 803 F.3d 304, 310 (7th Cir. 2015); *Martin v. Tyson*, 845 F.2d 1451, 1455 (7th Cir. 1988). As Plaintiff was a pre-trial detainee, the analysis proceeds under the Fourteenth Amendment, although the Seventh Circuit has noted that conditions of confinement claims under the Fourteenth Amendment have "little practical difference" from claims brought pursuant to the Eighth Amendment. *Smith*, 803 F.3d at 310. Claims brought pursuant to the Fourteenth Amendment may be analyzed under Eighth Amendment standards. *Id*. (citing *Smego v. Mitchell*, 723 F.3d 752, 756 (7th Cir. 2013) ("[T]he protection afforded under [the Due Process Clause] is functionally indistinguishable from the Eighth Amendment's protection for convicted prisoners."); *Hart v. Sheahan*, 396 F.3d 887, 892 (7th Cir. 2005) ("[T]he

standards applicable to complaints by convicts and by pretrial detainees about unsafe conditions of confinement merge.")) (other citations omitted).

**Count 1** alleges that Plaintiff was subjected to excessive force when he was handcuffed so tightly that it caused permanent nerve damage. The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). The factors relevant to this determination include: (1) the need for the application of force; (2) the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response. *Lewis v. Downey*, 581 F.3d 467, 477 (7th Cir. 2009); *Outlaw v. Newkirk,* 259 F.3d 833, 837 (7th Cir. 2001) (citation omitted).

An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559 U.S. at 37-38 (the question is whether force was *de minimis*, not whether the injury suffered was *de minimis*); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Plaintiff has alleged that officers were conducting routine searches and shakedowns. He has further alleged that he followed orders; there is no insinuation that Plaintiff was disruptive or non-compliant. Despite that, Plaintiff alleges that he was handcuffed so tightly that he lost

4

feeling in his left hand and suffered nerve damage. Excessively tight handcuffs can be an example of excessive force. *Payne v. Pauley*, 337 F.3d 767, 779 (7th Cir. 2003); *Herzog v. Village of Winnetka*, 309 F.3d 1041 (7th Cir. 2002). This creates a plausible inference that Plaintiff was subjected to excessive force, since the force caused a severe injury and there appears to be no justifiable penological reason for the use of force. Therefore, **Count 1** shall proceed against the unknown tactical team officers who were involved in placing the handcuffs on Plaintiff.

The Court did not construe this claim against Smith, Glidden, or Baldwin because the Complaint does not establish that they were personally involved in the handcuffing incident. They cannot be held liable due to their supervisory positions. "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981).

Furthermore, although an individual may be held liable if there is evidence that he facilitates, approves, condones, or turns a blind eye to the conduct, *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995), Plaintiff has not alleged that Smith, Glidden, or Baldwin knew that he personally was handcuffed too tightly, or that pre-trial detainees were being systematically handcuffed too tightly by the Vandalia tactical team. If Plaintiff has additional facts tending to show that Smith, Glidden, or Baldwin was personally involved in the excessive force incident, he may move to file an amended complaint raising that point.

**Count 2** raises the issue of the strip search itself. Courts have recognized that arbitrary or blanket strip searches of pretrial detainees may violate the Constitution. *See Bell v. Wolfish,* 441 U.S. 520, 558-60 (1979) (search of pretrial detainees after contact visits with outsiders was reasonable); *Calvin v. Sheriff of Will Cnty.*, 405 F. Supp. 2d 933, 938-940 (N.D. Ill. 2005) (noting that "*Bell* did not validate a blanket policy of strip searching pretrial detainees"). *Bell* instructs that in balancing the detainee's constitutional rights with the security concerns of the institution, courts must consider the scope of the intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. *Bell*, 441 U.S. at 559. The Seventh Circuit has viewed with disfavor the application of a blanket policy to strip search detainees in the absence of probable cause to believe that the individual was concealing contraband or weapons. *Tinetti v. Wittke,* 620 F.2d 160 (7th Cir. 1980); *see also Mary Beth G. v. City of Chicago,* 723 F.2d 1263, 1272 (7th Cir. 1983).

Strip searches of prisoners that are not related to legitimate security needs, or are conducted in a harassing manner in order to humiliate and inflict psychological pain, may also be found unconstitutional. *Mays v. Springborn*, 719 F.3d 631, 634 (7th Cir. 2013) (group of inmates were strip searched together, gratuitously exposing prisoners' nude bodies to each other, while guards uttered demeaning comments); *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003) (a strip search conducted in a harassing manner intended to humiliate and inflict psychological pain could violate the Constitution); *see also Meriwether v. Faulkner*, 821 F.2d 408 (7th Cir. 1987) (allegation of calculated harassment by strip searches stated claim), *cert. denied*, 484 U.S. 935 (1987).

Plaintiff's claim fails here because he has not alleged that the strip search was conducted as part of a blanket policy of strip searching pre-trial detainees, for an improper purpose, or in a

harassing manner in order to humiliate or inflict psychological pain. In fact, Plaintiff has not alleged that he was harmed by the strip search in any way. His allegations regarding his hand clearly happened after the strip search—Plaintiff alleged that he was told to put his jumpsuit back on prior to being handcuffed. Plaintiff has also not alleged that he was psychologically harmed by the improper strip search. In the absence of an injury, Plaintiff states no claim. Section 1983 is a tort statute, so plaintiff must have suffered a harm to have a cognizable claim. *Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009); *Doe v. Welborn,* 110 F.3d 520, 523 (7th Cir.1997). As Plaintiff has not alleged that he was harmed by the strip search, or that it was conducted for an improper purpose, he has failed to state a claim. Accordingly, **Count 2** will be dismissed without prejudice against all Defendants. Plaintiff may seek leave to file an amended complaint raising additional facts.

As a final matter, the Complaint requests that the Court "force Fayette County to address my medical issue." (Doc. 1, p. 8). Plaintiff is no longer in the custody or control of Fayette County, making his request for injunctive relief moot. *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). *See also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995).

## Pending Motions

Plaintiff's Motion for Recruitment of Counsel (Doc. 4) shall be referred to Magistrate Judge Donald G. Wilkerson for disposition.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Count 1 against unknown Vandalia Correctional Center Tactical Team members survives threshold review. Count 2 is **DISMISSED without prejudice** for failure to state a claim. The Court will not dismiss Brian Glidden, the Fayette County Jail Administrator, at this time, solely for the purposes of answering discovery

regarding the identity of the John Doe defendants. No claims currently survive against Glidden. Baldwin and Smith are **DISMISSED without prejudice** for failure to state a claim against them.

The Clerk of Court shall prepare for Glidden: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, his last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Wilkerson** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs

8

under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  January 30, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**