IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHARLES E. HORN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cv-1190-NJR-DGW |
| | ) | |
| BRIAN GLIDDEN, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on Plaintiff's failure to prosecute.   For the reasons set forth below, it is **RECOMMENDED** that this matter be **DISMISSED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff, Charles E. Horn, filed this lawsuit while he was incarcerated at the Fayette County Jail on October 30, 2017 (Doc. 1).   At the time, Plaintiff did not know the names of the Defendants, who were members of the Vandalia Correctional Center Tactical Team, who Plaintiff alleges violated his Eighth Amendment Rights (Doc. 8).   Shortly after filing the Complaint, Plaintiff filed a notice of change of address stating that he was transferred to the Graham Correctional Center (Doc. 7).   He filed another notice of change of address, this time indicating that he was transferred to the East Moline Correctional Center (Doc. 13).

In order to effect service of process, Plaintiff was directed to provide the Court with identifying information by June 18, 2018 (Doc. 17).   Plaintiff failed to provide the information by the deadline.   On July 12, 2018, an Order to Show Cause was issued directing Plaintiff to indicate why he failed to comply with the previous Order.   That document was returned to the Court as undeliverable.   It appears that Plaintiff was released from prison on June 8, 2018.   *See* ILLINOIS DEPARTMENT OF CORRECTIONS, *https://www.illinois.gov/idoc/Offender/Pages/ InmateSearch.aspx* (using search term "K99781") (last visited July 30, 2018).   Plaintiff has not filed any notice with the Court indicating his current address.   Indeed, Plaintiff has filed no pleadings with the Court since March 9, 2018.

## CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 41(b) permits dismissal with prejudice if a "plaintiff fails to prosecute or to comply with these rules or a court order."   The Court also has the inherent power to dismiss matters due to a Plaintiff's failure to prosecute.   *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962).   Dismissal is appropriate if there is a "clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing."   *Webber v. Eye Corp.*, 721 F.2d 1067, 1068 (7th Cir. 1983).   The Seventh Circuit Court of Appeals has cautioned against dismissal "after the first problem, without exploring other options or saying why they would not be fruitful."   *Johnson v. Chicago Board of Education*, 718 F.3d 731, 732-733 (7th Cir. 2013).   Plaintiff has failed to inform the Court or Defendants of his current address.   As such, Plaintiff has filed to comply with Local Rule 3.1 and the Court's January 31, 2018 Order.   Plaintiff also has neither responded to this Court's Order to show cause nor has he provided information that would permit service of process.   It is apparent that Plaintiff has abandoned this lawsuit.   By failing to inform the Court and Defendants of his current address, Plaintiff is making

it impossible to litigate this matter and it should be dismissed.

## RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that this matter be **DISMISSED** and that the Court adopt the foregoing findings of fact and conclusions of law.

## NOTICE REGARDING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), any party may serve and file written **OBJECTIONS** to this Report and Recommendation/Proposed Findings of Fact and Conclusions of Law within fourteen (14) days after service.   Failure to file such **OBJECTIONS** shall result in a waiver of the right to appeal all issues, both factual and legal, which are addressed 22, in the Report and Recommendation/Proposed Findings of Fact and Conclusions of Law. *Video Views, Inc. v. Studio 21, Ltd. and Joseph Sclafani,* 797 F.2d 538 (7th Cir. 1986).

**You are not to file an appeal as to the Report and Recommendation/Proposed Findings of Fact and Conclusions of Law**. An appeal is inappropriate until after the District Judge issues an Order either affirming or reversing the Report and Recommendation/Proposed Findings of Fact and Conclusions of Law of the U.S. Magistrate Judge.

**DATED: July 31, 2018**

**DONALD G. WILKERSON**
**United States Magistrate Judge**