IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES HORN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 3:17-CV-1190-NJR-DGW |
| BRIAN GLIDDEN and VANDALIA CORRECTIONAL CENTER TACTICAL TEAM, | ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 20), which recommends that the Court dismiss this matter pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because of Plaintiff Charles Horn's failure to prosecute. Magistrate Judge Wilkerson entered the Report and Recommendation on July 31, 2018 (*Id.*). No objections were filed.

On October 30, 2017, Horn filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging Defendants violated his constitutional rights as a pre-trial detainee (Doc. 1). After preliminary review of his Complaint, Horn was permitted to proceed on one count of violation of the Fourteenth Amendment when unknown members of the Vandalia Correctional Center Tactical Team used excessive force and cuffed him so tightly he suffered nerve damage (Doc. 8). Brian Glidden, the Fayette County Jail Administrator, also was permitted to remain in the case solely for the purposes of answering discovery regarding the identity of the John Doe defendants (*Id.*).

In order to effect service of process, Horn was directed on May 17, 2018, to provide the Court with information identifying the unknown tactical team members by June 18, 2018 (Doc. 17). Horn failed to provide the information by the deadline. On July 12, 2018, an Order to Show Cause was issued directing Horn to explain why he failed to comply with the previous Court Order. That document was returned to the Court as undeliverable (Doc. 19). Records from the Illinois Department of Corrections indicate Horn was released from prison on June 8, 2018.[1] Horn did not file a notice with the Court providing his current address, nor has he filed anything with the Court since March 9, 2018.

Because Horn failed to inform the Court or Defendants of his current address, failed to provide information identifying Defendants for service of process, and failed to respond to the Order to Show Cause, Magistrate Judge Wilkerson found that Horn has abandoned this lawsuit. Accordingly, Magistrate Judge Wilkerson recommends dismissing the case pursuant to Rule 41(b).

Because no party has filed an objection, the undersigned need not undertake *de novo* review. 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn*, 474 U.S. 140 (1985); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 741 (7th Cir. 1999). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

While *de novo* review is not required here, the Court has carefully reviewed Magistrate Judge Wilkerson's Report and Recommendation for clear error. Following

---

[1] *See* ILLINOIS DEPARTMENT OF CORRECTIONS,
https://www.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last visited July 30, 2018).

this review, the Court agrees with his findings, analysis, and conclusions. Accordingly, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 20). This action is **DISMISSED with prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005).

**IT IS SO ORDERED.**

DATED:   August 27, 2018

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**